908 F.2d 973
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert E. FIRESTER, Plaintiff-Appellant,
v.
BOARD OF GOVERNORS OF WAYNE STATE UNIVERSITY and Sanford H.
Cohen, Defendants-Appellees.
 No. 89-1772.
 United States Court of Appeals, Sixth Circuit.
 July 18, 1990.
 
 Before MILBURN and DAVID A. NELSON, Circuit Judges, and ENGEL, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 The plaintiff, who is challenging his suspension and dismissal from medical school, here appeals pro se from the district court's grant of summary judgment for the defendants. The plaintiff alleged violations of his state and federal due process rights, intentional interference with contractual relations, and breach of contract. After the case was removed to federal district court from the Wayne County, Michigan, Circuit Court, the district court entered summary judgment on the federal due process claims and dismissed the state law claims for lack of jurisdiction. We shall affirm the summary judgment on the federal claims and direct that the state law claims be remanded to the state court.
 
 
 2
 * In August of 1985, when he was a third-year student at the Wayne State University School of Medicine, plaintiff Robert Firester began a psychiatry clerkship at Lafayette Clinic in Detroit. Firester had performed well academically prior to that time. On September 30, 1985, however, defendant Sanford Cohen, then associate dean of the medical school, received reports that Firester had engaged in inappropriate behavior at Lafayette Clinic. These incidents included touching patients in a familiar manner, proposing to see a female patient outside of work, and making sarcastic and critical remarks to a suicidal patient.
 
 
 3
 Based upon this behavior, Dr. Cohen placed Firester on a leave of absence pursuant to Sec. 1.3 of the University Guidelines for Assisting Persons with Behavior Problems. Dr. Cohen directed that Firester be evaluated by Dr. Robert Niccolini. Dr. Niccolini recommended that Firester be given a one-year leave of absence during which he was to undergo psychotherapy. Dr. Cohen agreed, and placed Firester on medical leave.
 
 
 4
 Firester appealed to Walter S. Jones, the university provost, who referred the matter to the Behavior Evaluation Committee. After meeting with Firester, the committee recommended that he continue psychotherapy and take his psychiatry clerkship at a different hospital. Dr. Cohen agreed to allow Firester to undertake a clerkship at Harper Hospital. Firester's continued enrollment after completion of the clerkship was to be subject to: (1) an evaluation from Firester's therapist; (2) Firester's performance in the clerkship; and (3) reevaluation by a member of Wayne State University's Department of Psychiatry.
 
 
 5
 Firester received a passing grade for the Harper clerkship, but Dr. Allen Rosenbaum reported that several patients and nurses had complained of Firester's intrusive questioning on sexual issues. Firester's psychiatric reevaluation indicated that "he is pretty much where he was before" and "the Harper Hospital rotation has not shown any particular breakthroughs in his personality of insight, maturity, or honesty." Based on these reports, Dr. Cohen advised Firester in writing that he would not be allowed to return to school. Firester's appeal to Provost Walter Jones was denied on April 24, 1986.
 
 
 6
 After requesting reinstatement in August of 1986, Firester was again evaluated by Dr. Niccolini. The doctor recommended "intensive psychotherapy with reconsideration for admission to Medical School in one year if the patient's condition continues to improve." The Behavior Evaluation Committee recommended that Firester not be reinstated. The dean of the medical school accepted the recommendation. Firester appealed to the provost, a position now held by Dr. Cohen. The deputy provost, who handled the appeal because of Dr. Cohen's previous involvement in the case, denied Firester's appeal on May 12, 1987.
 
 
 7
 Firester filed his complaint in state court on July 28, 1987. The defendants removed it to federal court. On cross-motions for summary judgment, the district court, as noted above, granted summary judgment for the defendants on the federal due process claims and dismissed Firester's state law claims for lack of jurisdiction.
 
 II
 
 8
 A grant of summary judgment is reviewed by the court of appeals de novo. Pachla v. Saunders System, Inc., 899 F.2d 496, 498 (6th Cir.1990). Summary judgment is appropriate if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Id. All facts and inferences are to be viewed in the light most favorable to the nonmoving party. Id.
 
 
 9
 The Due Process Clause of the Fourteenth Amendment cannot come into play here unless Firester's dismissal deprived him of either "liberty" or "property." Board of Curators of the Univ. of Missouri v. Horowitz, 435 U.S. 78, 82 (1978). It is far from clear that either type of interest was involved in this case. See Bishop v. Wood, 426 U.S. 341 (1976) (holding that the dismissal of a police officer did not infringe a liberty interest where the reasons for dismissal were not publicized). Because it is clear to us that the process followed in this case was not constitutionally inadequate in any event, we need not decide whether Firester's dismissal from medical school did in fact represent a deprivation of liberty or property.
 
 
 10
 The extent to which the courts will review a dismissal from school varies depending on whether the dismissal is for academic or disciplinary reasons. Horowitz, 435 U.S. at 87 and n. 4. Disciplinary proceedings resemble "traditional judicial and administrative fact finding," id. at 88-89, whereas an academic judgment is "by its nature more subjective and evaluative than the typical factual questions presented in the average disciplinary decision." Id. at 90. Dismissals for academic reasons require no hearing of any kind. Horowitz, 435 U.S. at 90.
 
 
 11
 Firester argues that his dismissal should not be treated as one for academic reasons because he ultimately received a passing grade in his psychiatry clerkship. The Supreme Court rejected a similar argument in Horowitz:
 
 
 12
 "The record, however, leaves no doubt that respondent was dismissed for purely academic reasons.... Personal hygiene and timeliness may be as important factors in a school's determination of whether a student will make a good medical doctor as the student's ability to take a case history or diagnose an illness." Id. at 91 n. 6.
 
 
 13
 No less than personal hygiene and timeliness, proper attitudes toward patients are important factors in determining whether a student will be a good doctor. We conclude, therefore, that Firester was due only the minimal process required by Horowitz. He got much more, of course. Firester had ample notice of the alleged deficiencies in his behavior, and he was given several opportunities to present his side of the story. As in Horowitz, "[t]he ultimate decision to dismiss [Firester] was careful and deliberate." Horowitz, 435 U.S. at 85.
 
 
 14
 Firester also claims that the defendants violated his "substantive due process" rights. "Substantive due process" is an "ephemeral concept," Gutzwiller v. Fenik, 860 F.2d 1317, 1328 (6th Cir.1988), the limits of which need not be tested here because nothing in the record suggests that the medical school's decision was arbitrary or capricious, Horowitz, 435 U.S. at 91-92, or that the decision was "such a substantial departure from accepted academic norms as to demonstrate that the person or committee responsible did not actually exercise professional judgment." Regents of the University of Michigan v. Ewing, 474 U.S. 214, 225 (1985). Our personal views of the merits of the decisions made by the officials in this case, including the decision to require Firester to submit to psychotherapy, are irrelevant.
 
 
 15
 The grant of summary judgment on Firester's federal claims is AFFIRMED. The dismissal of the state claims that were removed from state court is VACATED, and the district court is directed to remand them to the state court. See Cowan v. University of Louisville School of Medicine, 900 F.2d 936, 943 (6th Cir.1990).